No. 25,224.

D. C. Rossman, Executor of the Last Will and Testament of Ellen E. Little, Deceased, *Appellee,* v. William Christenson et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Executors and Administrators—*Executor of Estate Has No Authority to Dispose of Personal Property Except as Provided by Statute.* The executor of an estate has no authority to dispose of personal property in his possession as such executor except in accordance with the provisions and restrictions of the statutes.

2. Same—*Executor Cannot Make a Valid Sale to Himself of Personal Property of Estate.* An executor of an estate cannot make a valid sale to himself, as agent of a third party, of personal property in his possession, as executor.

Appeal from Washington district court; John C. Hogin, judge. Opinion filed November 8, 1924. Affirmed.

*Edgar Bennett,* of Washington, for the appellants.

*S. J. Freeborn,* of Washington, and *Frank C. Baldwin,* of Topeka, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover possession of a note and mortgage. Plaintiff prevailed and defendants appeal.

The plaintiff and E. A. Hood were executors of the estate of Ellen E. Little, deceased. Hood was the cashier of the Greenleaf State Bank, of Greenleaf, Kan. The plaintiff was a farmer living about thirty miles therefrom. Ellen E. Little at the time of her death owned a note and mortgage given by Margaret Hoover in the sum of $1,000. This note and mortgage, as a part of the assets of the Ellen E. Little estate, came into the hands of her executors. For convenience it was kept at the Greenleaf State Bank.

The defendants, William Christenson and Sophia Christenson,

were brother and sister, residing on a farm near Greenleaf. They conducted their business at the Greenleaf State Bank, where they had a safety-deposit box in which they kept papers and securities. There were two keys to the box, one in the possession of the Christensons, the other in the possession of the bank. A note and mortgage in the sum of $1,500, payable to William Christenson, executed by one Mehrman, was kept by the Christensons in their box. On July 14, 1921, Mehrman paid this note, together with $37.50 accrued interest, to Hood. Hood placed $537.50 of the amount to the credit of the Christenson account and made out a deposit slip for $1,000 for the estate of Ellen E. Little. In accordance with such deposit slip, the bookkeeper entered a credit of $1,000 to the account of the Ellen E. Little estate on the books of the bank. In January, 1922, Hood died, and an examination of the affairs of the Ellen E. Little estate disclosed a shortage of over $5,000 in addition to the Hoover note and mortgage. Shortly thereafter the Christensons found in their safety-deposit box the Hoover note and mortgage of $1,000. It bore this indorsement: "Pay to the order of William Christenson without recourse. Estate of Ellen E. Little, by E. A. Hood, executor." Attached to the mortgage was a purported assignment, which, however, was not acknowledged by Mr. Hood. The finding by the Christensons of the Hoover note and mortgage in their safety-deposit box was their first knowledge of the existence of such instruments.

Rossman, the remaining executor, sought to recover the note and mortgage. The controversy, therefore, involves the right and authority of Hood, as executor, to dispose of them without the knowledge or consent of his coexecutor and without an order of the probate court.

The defendants contend that, from the time the two executors qualified until Hood's death, Hood had full charge of all the personal property, and full power and authority to sell and dispose of it without consulting his coexecutor. In support of this contention they cite the general rule "That several coadministrators or coexecutors are, in law, but one person representing the testator, and acts done by one in reference to the administration of the testator's goods are deemed the acts of all, inasmuch as they have a joint and entire authority over the whole property belonging to the estate" (11 R. C. L. 405), and that, "One of two or more executors possess the power of

selling and disposing of the personal assets of the estate as fully as if all joined in the act of transfer" (18 Cyc. 1332). They also argue that the presumption of regularity of official acts applies to an executor, and that it must be presumed that Hood's acts were in all respects regular.

The theory of the defendants must fail. The attempted sale or transfer was not made in conformity with the procedure laid down by the statute. R. S. 22-603 reads:

"The sale of personal property shall be made at public sale, after at least two weeks' notice having been given in some newspaper in general circulation throughout the county, or by advertisement set up in at least five public places in the county where such sale is to take place. When the interest of the estate requires it, the probate court may order the executor or administrator to dispose of said personal property at private sale at not less than three-fourths of its appraised value."

The records of the probate court disclosed no order authorizing the sale, transfer or assignment of the note and mortgage in question. The probate judge testified that he had been in office since January, 1921; that the annual report of the executors, Rossman and Hood, was filed June 20, 1921; that he (the probate judge) had never made an order authorizing the executor to sell or assign the mortgage. According to the records of the bank, the Mehrman note was paid on July 14, 1921. The facts not only fail to disclose a sale, but clearly show that there was no authorized or valid sale. To have made a private sale of the note and mortgage would have required an order of the probate court. None was made. On the other hand, the evidence not only disclosed no public sale, but dispels any conclusion that there could have been one. The Christensons had no knowledge of the note and mortgage being in their box until after Hood's death, in January, 1922, six months after the payment of the Mehrman note, and after the date of the alleged assignment of the Hoover mortgage to them. Any attempted sale to them, then, must have been by Hood, acting as their agent. Hood, as executor of the Ellen E. Little estate, was without power to sell the property to himself as agent of the Christensons. He could not act as both seller and buyer either in his personal or representative capacity. (6 R. C. L. 592, 13 C. J. 261.)

While the books of the bank showed a deposit of $1,000 to the Ellen E. Little estate on the day the Mehrman note was paid and the alleged assignment was executed, the estate actually got no money.

The entry on the books of the bank was a paper entry only. What happened is perfectly apparent. Hood was cashier of the bank. He had a key to the safety-deposit box of the Christensons. He was executor of the estate of Ellen E. Little. When $1,537.50 was paid on the Mehrman note he put $537.50 of the amount to the credit of the Christensons. He made the records of the bank show a payment of the balance of the $1,000 to the estate of Ellen E. Little, but the estate did not receive it. What became of the $1,000 is not shown. Whether he actually put the Hoover note and mortgage in the Christensons' box at that time, or later, is of no moment. The attempted transfer and assignment, whenever made, was invalid. Under all the circumstances, the plaintiff, who is the remaining executor of the Ellen E. Little estate, is entitled to the possession of the note and mortgage.

The judgment is affirmed.